UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROY J. MEIDINGER,

      Petitioner,

v.                          Case No: 2:15-mc-13-FtM-29MRM

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Roy J. Meidinger's Motion for Reconsideration of Denial of Petition (Doc. #6) filed on October 5, 2015. Petitioner seeks reconsideration of the Court's September 29, 2015 Opinion and Order (Doc. #3) (the September 29th Order) which denied Petitioner's Petition for Injunctive Relief (Doc. #1) and directed the Clerk to close the file. In that Order, the Court concluded that the Petition must be denied and this case must be dismissed as duplicative of <u>Meidinger v. Comm'r of Internal Revenue</u>, Case No. 2:15-MC-8-FTM-38DNF (M.D. Fl. June 17, 2015) (the First-Filed Case), a separate and identical case recently commenced by Petitioner against Respondent in this Court before United States District Judge Sheri Polster Chappell.[1]

_____

[1] The Petition in the First-Filed Case was denied because the District Court lacks authority to grant Petitioner his requested relief: an injunction requiring the Internal Revenue Service to reopen an investigation into Petitioner's claims for an award for

This is the second time Petitioner has sought reconsideration of the September 29th Order.  On September 30, 2015, Petitioner filed a Reply (Doc. #4) to the September 29th Order.  In the Reply, Petitioner argued that the Court incorrectly concluded that it lacked authority to grant his requested relief.  (Id.)  The Court construed the Reply as a motion for reconsideration and denied it on October 2, 2015.  (Doc. #5.)  In that Order, the Court explained that 26 U.S.C. §§ 7482, 7632 provide that Petitioner's sole means for challenging the IRS's determination was an appeal before the Tax Court, followed by appeals before the Court of Appeals and the Supreme Court.  (Doc. #5, pp. 2-3.)

Petitioner's current motion for reconsideration once again argues that the Petition was denied in error because the Court has the authority to compel the IRS to reopen an investigation into Petitioner's whistleblower claims.  (Doc. #6.)  As the Court explained in detail in its October 2nd Order, that is not the case. (Doc. #5.)  If, as Petitioner appears to contend, he has fully exhausted the appellate procedures set forth in 26 U.S.C. §§ 7482, 7632 (Doc. #6, p. 19), then his whistleblower claim has been fully adjudicated.[2]  While Petitioner may disagree with the outcome, he

---

providing information concerning the alleged improper tax practices of certain taxpayers.  See Meidinger v. Comm'r of Internal Revenue, Case No. 2:15-MC-8-FTM-38DNF, slip op. at 5 (M.D. Fl. July, 1 2015).

[2] While Petitioner states that he unsuccessfully appealed the IRS's determination before the Tax Court and the Court of Appeals for the District of Columbia Circuit (Doc. #6, p. 11-12), there is no

is not permitted to restart the process by filing a new action seeking injunctive relief.

Accordingly, it is hereby

**ORDERED:**

Petitioner Roy J. Meidinger's Motion for Reconsideration (Doc. #6) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of October, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

indication that he appealed the D.C. Circuit's ruling before the Supreme Court.