UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROY J. MEIDINGER,

            Petitioner,

v.                                Case No: 2:15-mc-13-FtM-29MRM

COMMISSIONER   OF   INTERNAL
REVENUE,

            Respondent.
_____

## OPINION AND ORDER

   This matter comes before the Court on Petitioner Roy J.
Meidinger's Motion for Reconsideration of Denial of Petition and
Re-Opening of Motion for Injunctive Relief (Doc. #8) filed on
November 20, 2015.  Petitioner seeks reconsideration of the
Court's September 29, 2015 Opinion and Order (Doc. #3) (the
September 29th Order) which denied Petitioner's Petition for
Injunctive Relief (Doc. #1) and directed the Clerk to close the
file.  In that Order, the Court concluded that the Petition must
be denied and this case must be dismissed as duplicative of
Meidinger v. Comm'r of Internal Revenue, Case No. 2:15-MC-8-FTM-
38DNF (M.D. Fl. June 17, 2015) (the First-Filed Case), a separate
and identical case recently commenced by Petitioner against
Respondent in this Court before United States District Judge Sheri
Polster Chappell.[1]

_____
[1] The Petition in the First-Filed Case was denied because the
District Court lacks authority to grant Petitioner his requested

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd., 149 F.R.D. 235, 235 (M.D. Fla. 1993)

This is now the third time Petitioner has sought reconsideration of the Court's September 29th Order. (Docs. ##4, 6.) As with his two prior motions, Petitioner once again argues that the Court erred in concluding that it lacked authority to grant the Petition and compel the IRS to reopen an investigation

---

relief: an injunction requiring the Internal Revenue Service to reopen an investigation into Petitioner's claims for an award for providing information concerning the alleged improper tax practices of certain taxpayers. See Meidinger v. Comm'r of Internal Revenue, Case No. 2:15-MC-8-FTM-38DNF, slip op. at 5 (M.D. Fl. July, 1 2015).

into Petitioner's whistleblower claims.  (Doc. #8.)  As set forth in the Court's Orders denying Petitioner's prior motions for reconsideration (Docs. ##5, 7), this argument has been twice rejected by the Court after careful consideration.  As such, Petitioner's current motion "fails to raise new issues and, instead, only relitigates what has already been found lacking." Lamar Adver., Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  Therefore, Petitioner's motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Petitioner Roy J. Meidinger's Motion for Reconsideration (Doc. #6) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of December, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record